UNITED STATES of America,

v.

Kimberly ROBINSON, Appellant.

No. 02–1212.

United States Court of Appeals,
Third Circuit.

Argued March 12, 2003.

Decided April 16, 2003.

Robert P. Willliams, (Argued), Bedmin-
ster, NJ, for Appellant.

claim arising from a debtor's failure to pay for a repurchase of its own stock. Once a shareholder sells his or her stock, he or she has decided not to continue assuming the downside risks or upside benefits of equity ownership. *See* Nicholas L. Georgakopoulos, *Strange Subordinations: Correcting Bankruptcy's § 510(b)*, 16 Bankr.Dev. J. 91, 102 (1999).

("[P]art of Slain and Kripke's justification for subordinating fraud claims of purchases is that the purchaser assumes the risk (i.e., low seniority) associated with the security being bought. This reasoning, however, is reversed in the case of sales. The sellers of the stock no longer desire the risk and the low priority associated with the security.").

George S. Leone, Office of United States Attorney, Newark, NJ, Norman J. Gross, (Argued), Office of United States Attorney, Camden, NJ, for Appellee.

Before SLOVITER, NYGAARD, and ALARCÓN,* Circuit Judges.

## OPINION OF THE COURT

ALARCÓN, Circuit Judge.

Kimberly Robinson ("Robinson") appeals from her conviction for conspiracy to import cocaine pursuant to 21 U.S.C. § 963 and from the district court's sentencing decision. Robinson seeks reversal on three grounds: (1) the judgment of conviction was against the weight and sufficiency of the evidence; (2) the district court erred in enhancing her sentence based on its erroneous finding that she was a leader in the charged conspiracy; and, (3) she was denied effective assistance of counsel.

We affirm because we conclude that, when reviewed in the light most favorable to the United States, the evidence was sufficient to support the judgment of conviction. We also hold that the district court's finding that Robinson was a leader in the conspiracy was not clearly erroneous, and that the present record does not demonstrate incompetency of counsel.[1]

### I

At trial, one of Robinson's co-conspirators, Fitzgerald Lewis ("Lewis"), testified that Robinson was a leader in organizing a conspiracy to smuggle controlled substances. He testified that Robinson invited several of the conspirators to her home where she recruited them for her cocaine-smuggling plan. Lewis stated that it was Robinson's idea to ship packages of cocaine via Federal Express ("FedEx") to

fictitious persons and street numbers on streets within the route she covered as a FedEx employee. The record shows that Robinson introduced her fellow conspirators to a man she said was her brother whom she called "Chuck." Chuck claimed to be able to sell up to twenty kilograms of cocaine per week. Under the scheme, Robinson was responsible for selling the smuggled cocaine to Chuck, collecting the proceeds from him, and transmitting their share to her co-conspirators. Lewis testified that he went to Grenada in April 2000 to secure cocaine in furtherance of the conspiracy. He used FedEx to ship approximately eight packages of cocaine to fictitious addresses on Robinson's New Jersey delivery route.

A United States Customs officer testified that the Customs Service intercepted seven packages containing more than five kilograms of cocaine shipped pursuant to the charged conspiracy. One package of cocaine was received by Robinson. Robinson admitted receiving a package of illicit drugs on April 10, 2000, but claimed that she believed it to be marijuana. Lewis testified, however, that Robinson received the package of cocaine and presented it to Chuck. Thereafter, Robinson delivered between $18,000 to $20,000 to one of her co-conspirators, Ricardo Phang ("Phang"). Phang sent between $9,500 and $10,000 to Lewis who gave that sum to the suppliers of the cocaine in Grenada.

Lewis testified that because the conspirators were largely unsuccessful in their FedEx smuggling scheme, in June of 2000, they agreed to smuggle cocaine from Grenada via couriers traveling with false-paneled suitcases. Robinson agreed to finance the false-paneled suitcase smuggling scheme. Robinson provided between

---

* Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

$16,000 and $18,000 for the purchase of cocaine to be smuggled into the United States. Government agents arrested the drug couriers from Grenada when they attempted to enter the United States in Puerto Rico.

Customs agents interviewed Robinson about her involvement in the smuggling scheme on August 9, 2000. She confessed to participating in the conspiracy. Cellular telephone records corroborated Robinson's participation in the conspiracy. Telephone numbers for the cellular telephones used by some of her co-conspirators were listed on labels on cocaine parcels shipped by FedEx to Newark, New Jersey.

## II

Robinson contends that "the government clearly failed to prove the elements of any conspiracy on [her] part." She argues that the evidence presented at trial was insufficient to sustain her conviction, and that her conviction was against the weight of the evidence. "A claim of insufficiency of the evidence places a very heavy burden on an appellant." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir.1990) (internal quotation marks and citations omitted). "Our standard of review is highly deferential. 'We determine whether there is substantial evidence that, when viewed in the light most favorable to the government, would allow a rational trier of fact to convict.'" *United States v. Helbling*, 209 F.3d 226, 238 (3d Cir.2000) (quoting *Government of the Virgin Islands v. Charles*, 72 F.3d 401, 410 (3d Cir.1995)).

The evidence summarized above amply demonstrated that Robinson was a leader of a conspiracy to import cocaine into the United States in packages addressed to fictitious addresses on her FedEx route or in suitcases carried by drug couriers in violation of 21 U.S.C. § 952(a).[2]

We also reject Robinson's claim that the jury's verdict was contrary to the weight of the evidence. This court reviews such a contention for abuse of discretion. *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir.2002). Robinson's claim is predicated on her contention that Lewis's testimony was unworthy of belief. The jury found Lewis's testimony credible. Lewis's testimony was corroborated by the testimony of Customs agents and by Robinson's confession. Robinson has failed to demonstrate that the jury's verdict was contrary to the weight of the evidence.

## III

Robinson contends that the district court "erred by imposing a sentence of 188 months, fining [her] $2,000 and imposing a 5 year period of supervised release." Robinson argues that she should not have been subjected to a four-level sentence enhancement based on her leadership role in the conspiracy. Robinson contends "that she was not shown to be the 'leader' of any conspiracy." She also asserts that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), such a finding must be made by the jury. The Government forthrightly conceded at oral argument that Robinson objected to the imposition of this enhancement in the district court. "We review a District Court's factual determinations underlying the application of the sentencing guidelines for clear error." *Helbling*, 209 F.3d at 242–43 (citing *United States v. Ortiz*, 878 F.2d 125, 126–27 (3d Cir.1989)).

---

**2.** 21 U.S.C. § 952(a) reads in pertinent part:

It shall be unlawful ... to import into the United States from anyplace outside thereof, any controlled substance in schedule I or II of subchapter I of this chapter.... Cocaine is listed in schedule II of 21 U.S.C. § 812(c).

The Sentencing Guidelines require a four-level enhancement in the sentencing of a defendant who "was an organizer or leader of a criminal activity that involved five or more participants." U.S. Sentencing Guidelines Manual § 3B1.1(a) (2002). The evidence considered by the trial court in its sentencing decision demonstrates that Robinson was an "organizer or leader" of a drug-smuggling conspiracy that included five or more participants. Accordingly, the district court did not clearly err in determining that she was subject to a four-level sentencing enhancement.

█ Robinson further maintains that *Apprendi* requires that the determination of her status as an organizer or leader be made by a jury. The statutory maximum sentence to which Robinson could have been subjected based on the charged offense was 240 months. 21 U.S.C. § 960(b) (2000). Robinson was sentenced to 188 months. Robinson was sentenced to five years of supervised release, which is the statutorily mandated period. *Id.* Her fine falls below the statutory maximum for the crime for which a jury convicted her. *Id.* "Because application of the Sentencing Guidelines in this case does not implicate a fact that would increase the penalty . . . beyond the statutory maximum, the teachings of *Apprendi* are not relevant here." *United States v. Cepero,* 224 F.3d 256, 267–68 n.5 (3d Cir.2000) (en banc) (internal citations omitted).

## IV

█ Robinson further asserts that she was deprived of the effective assistance of counsel. Robinson argues that her trial counsel was ineffective because he failed to make a motion to suppress her statement to the investigators, and because he failed to communicate at least three plea offers to her. "Claims of ineffective assistance of counsel generally are not entertained on direct appeal. We have repeatedly held that 'the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed.'" *United States v. Haywood,* 155 F.3d 674, 678 (3d Cir.1998) (internal citations omitted) (quoting *United States v. Theodoropoulos,* 866 F.2d 587, 598 (3d Cir.1989)). In *Haywood,* this court reiterated that the only exception to this rule is "'[w]here the record is sufficient to allow a determination of ineffective assistance of counsel, [and] an evidentiary hearing to develop the facts is not needed.'" *Id.* (quoting *United States v. Headley,* 923 F.2d 1079, 1083 (3d Cir.1991)).

Robinson has failed to cite any relevant portions of the record to support her contentions of ineffectiveness of counsel. Contrary to her representation to this court, trial counsel did move for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Robinson's contention that her trial counsel failed to argue "in summation that she was not a ringleader of criminal enterprise" was not material to the question of guilt. Robinson's role in the offense was an issue that was relevant to the sentencing decision, not to her guilt of conspiracy.

AFFIRMED.